## 9834.  MYERS v. McLENDON.

As against the defendant Myers, from whom, together with the owner of a certain building and another person, the plaintiff sought to recover for injuries alleged to have been received in falling through a hole or trap in the floor of the building, when making measurements for the purpose of furnishing an estimate of the cost of certain desired improvements at the request of Myers, who had been employed to make alterations in

30

the building, no cause of action was set out in the petition. The court erred in overruling his demurrer to the petition.

DECIDED FEBRUARY 18, 1919.

Action for damages; from Fulton superior court—Judge Bell. May 3, 1918.

McLendon sued Myers, Pierce, and Healey Real Estate & Improvement Company for damages on account of personal injuries from falling through a hole in the floor of a building owned by the Healey Real Estate & Improvement Company. The petition alleges, that certain repairs were being made on the building by the owner at the instance of Pierce, who was to become a tenant therein, and that the owner employed Myers "to make certain alterations in said building;" that thereupon Myers "began work upon said building, sending his agents and employees there to work, and himself going there many times each day to superintend the work being done." Paragraph 8 of the petition is as follows: "That the defendant Healey Real Estate and Improvement Company did not surrender, but retained, possession, custody, and control of said premises, and had said premises in its possession, custody, and control at the time plaintiff sustained his injuries as hereinafter set forth, and prior thereto." In paragraph 12 it is alleged that on or about March 25, 1917, Pierce and Myers "each severally requested petitioner to go to said premises and there to make an estimate of the cost of installing therein a complete system of electric lights, fans, etc., through the entire building." It is further alleged, that on or about the 27th of March the petitioner went to the said building for the purpose of making an estimate of the cost of the work desired; that it was necessary for him to inspect all the parts of the first floor of the building, and to get the measurements of its walls, and other parts of the building, and while engaged in these measurements he fell through a hole or trap in the floor, which was obscured by plank, dirt, and rubbish, and which he was not aware of and could not have discovered by the exercise of ordinary care. It is alleged that the defendants were negligent in failing to construct around the said hole or trap a barrier sufficient to keep a person from falling therein, in failing to place a light that would give warning of the presence of the hole, in allowing plank, rubbish, and refuse to become accumulated around and over the said hole or trap, and in inviting the petitioner to go into the said building, without giving him warning of the presence of the said

hole or trap. The defendant Myers filed general and special demurrers to the petition, the general demurrer was overruled, and he excepted.

*Dodd & Dodd,* for plaintiff in error.

*Madison Richardson,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) We think the court erred in overruling the demurrer. There is in the petition nothing to show what repairs were being made by Myers, or that the repairs or the making thereof had any connection whatever with the hole through which the plaintiff fell. Paragraph 8 of the petition, quoted above, distinctly negatives any possession, custody, or control of the premises by Myers at the time of the injury or prior thereto. Before damages for personal injuries, such as are sued for in this case, can be recovered, it must appear that the person against whom damages are sought owed some legal duty to plaintiff, and that the failure, or negligent performance, of that duty resulted in the damages. Under the pleadings in this case, what duty did Myers owe to McLendon? Certainly not to have the hole through which the plaintiff fell protected by placing around it barriers, lights, or other things to warn him of the presence of the hole, for Myers had no possession, custody, or control of the building. There is no allegation that Myers was present at the building at the time the plaintiff received the injury, and no allegation that he knew that the measurements necessary to make the estimates would carry the plaintiff to the immediate locality of the hole through which he fell. Surely it can not be seriously insisted that the mere fact that Myers and Pierce "each severally requested petitioner to go to said premises and there make an estimate of the cost of installing a complete set of electric lights, fans, etc., through the entire building," without more, and, so far as the petition shows, without any suggestion from the plaintiff that he would comply with the request, and without any knowledge on the part of Myers that the plaintiff was complying therewith and making measurements of the building, would impose upon Myers the duty of giving to the plaintiff any warning as to the hole through which he fell. The petition, failing to show the breach of any duty which Myers owed the plaintiff, does not set out a cause of action against Myers, and his demurrer should have been sustained.

*Judgment reversed. Broyles, P. J., and Stephens, J., concur.*

BROYLES, P. J., concurring specially. I think that the petition

failed to set out a cause of action against the defendant Myers. Even if it could be held that the petition showed that Myers was negligent in some of the particulars charged therein, it clearly appears from the petition as a whole that the proximate and preponderating negligence that caused the plaintiff's injuries was the failure to warn him of the hidden danger—the hole in the floor—*after he had entered the building and while he was engaged in measuring the right wall thereof.* As to this negligence, the petition shows that Pierce, one of the defendants, was present and saw the plaintiff when he entered the building, and knew for what purpose he had come, and yet, although Pierce was aware of the existence of the partially hidden hole, he failed to warn the plaintiff of his danger; and that while the plaintiff was measuring this wall he fell into the hole and was injured. The petition does not allege that Myers was present on this occasion. On the contrary, construing the petition, as we must, most strongly against the plaintiff, it shows that Myers was not there. The petition further shows that this negligence of Pierce was that of an intervening independent agency. In my opinion, therefore, the petition clearly shows that even if Myers were guilty of some antecedent negligence, the controlling and proximate cause of the injury sued for was the negligence of Pierce, for which Myers was not accountable. This being true, Myers's general demurrer to the petition should have been sustained.